### (May 23, 1963)

■ In the Matter of RALPH R. DENNIS, Appellant. CALVIN WELDON, as Probation Officer of Onondaga County, Respondent.— Order unanimously reversed and matter remitted to Onondaga County Family Court for further proceedings in accordance with the memorandum. Memorandum: The Family Court adjudicated the appellant, a parole violator, pursuant to section 779 of the Family Court Act. One of the conditions of probation was that he regularly attend school or be suitably employed. On November 29, 1962 his probation officer presented a petition to the Family Court alleging that the appellant had been absent from school without excuse on November 7, 8 and 9, 1962. He was a pupil of F. Ware Clary School in Syracuse. While in attendance at school, according to the record, he was suspended on October 24, 1962 because of a rash observed upon his hands. This suspension was to continue until a note was given him by a doctor stating it was proper to return because of the healing of his hands. He attended a skin clinic and was discharged therefrom on November 7 but no note from any doctor was given him. He was ill on November 8 and 9 according to his mother and at her direction remained at home. He returned to school the following week and no other absences are alleged. No proof was furnished on the trial by the school nurse; no proof was furnished by the dispensary. Upon this record there is not sufficient competent evidence to warrant a finding of unexcused absence from school. There should be a new hearing. (Appeal from order of Onondaga County Family Court holding a juvenile with violation of probation.) Present — Williams, P. J., Bastow, Goldman, McClusky and Henry, JJ.

■ In the Matter of BERNARD DOBOSEN, Doing Business as THE TOWERS, Petitioner, v. MARTIN C. EPSTEIN et al., Constituting the New York State Liquor Authority, Respondents.— Determination unanimously confirmed, without costs. Memorandum: The record contains substantial evidence to support the Authority's determination. This proceeding is clearly distinguishable from the fact situation present in *Matter of 245 Elmwood Ave.* v. *New York State Liq. Auth.* (14 A D 2d 393, affd. 11 N Y 2d 980). In that case we found that the Hearing Commissioner, despite repeated efforts on the part of the petitioner's attorney, refused to allow any questions relating to the character of the Authority's only witness and violated all of " the ordinary rules relating to the credibilty of witnesses [which] must be observed " (p. 395). In the instant appeal petitioner's attorney asked one question relating to the legitimacy of the witness' child, which was properly excluded, and made no further effort to question the witness' character or credibility. Under these circumstances the Commissioner's determination must be confirmed. (Review of determination of respondents suspending for 10 days the restaurant liquor license of petitioner, transferred by order of Erie Special Term.) Present — Bastow, J. P., Goldman, Halpern, McClusky and Henry, JJ.